IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONALD ANTHONY DUNCAN, § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:08-CV-487-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ronald Anthony Duncan, TDCJ # 1219268, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bridgeport, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

On February 4, 2004, pursuant to a plea agreement, Duncan pled guilty to burglary of a

building in exchange for a fifteen-year sentence in Case No. 04-02-5683 in the 286th Judicial District Court of Hockley County, Texas. (State Habeas R.)[1] Duncan did not directly appeal his conviction or sentence. (Petition at 3.) On June 3, 2008, Duncan filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on July 16, 2008. *Ex parte Duncan*, Application No. 70,222-01, at cover. Duncan filed this federal petition for writ of habeas corpus on August 13, 2008. As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Duncan filed a reply.

### D. ISSUES

Essentially, Duncan claims the state has a falsified police report in his files that he "did not plea out to" for burglary of an occupied residence and injury to the elderly and his trial counsel was ineffective by failing to inform him of the existence of the police report and advising him to enter a guilty plea. (Petition at 7-8)

### E. STATUTE OF LIMITATIONS

Quarterman argues that Duncan's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 4-7) It appears Duncan raises his claims now for the first time because he believes he is eligible for release to parole or mandatory supervision, and TDCJ has denied his release based on a police report in his underlying criminal case indicating that Duncan entered an occupied residence and choked a 61 year old man and stole $30.00 from him. Apparently, TDCJ has denied his release "because of the 'injury to the elderly' that goes with the charge." (Pet'r Reply, Exhibit 2)

---

[1] The record is not paginated.

2

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

To the extent Duncan's claims relate to the 2004 plea proceedings, counsel's representation during those proceedings, and the trial court's judgment of conviction on his guilty plea, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision,

---

[2]To the extent an argument could be made under subsection (D) that the factual predicate of Duncan's claims was not discoverable until he was denied release by TDCJ on the basis of the
(continued...)

the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Duncan had for filing a timely notice of appeal on March 5, 2004, and closed one year later on March 5, 2005, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Duncan's state habeas application, filed on June 30, 2008, well after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Duncan alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*

Duncan's federal petition was due on or before March 5, 2005; thus, his petition filed on August 13, 2008, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Duncan's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[2](...continued)
police report, it is the type of information or documentation that with due diligence could have been discovered before, during, or shortly after the plea proceedings. *See Davis v. Dretke*, Civil Docket No. 4:05-CV-398-Y, 2005 WL 2693002, at *3 (N.D. Tex. Oct. 19, 2005).

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 5, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 5, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 14, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE